UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,

v.

OLD NAVY, LLC,
d/b/a Old Navy Colonial Palms Plaza,
and ORION COLONIAL PLAZA LLC.

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, ("Plaintiff") by and through his undersigned counsel, hereby sues Defendant, Old Navy, LLC, d/b/a Old Navy at Colonial Palms Plaza, and Defendant, Orion Colonial Plaza, LLC, ("Defendants") for injunctive relief pursuant to 42 U.S.C. §12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants, Old Navy, LLC, and Orion Colonial Plaza, LLC, are authorized to conduct, and conducting, business within the State of Florida and within the jurisdiction of this court are conducting business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant, Old Navy, LLC, is a foreign for-profit corporation, authorized to do business, within the state of Florida, and which upon information and belief is the owner and operator of the Old Navy store located at Colonial Palms Plaza, 13605 S. Dixie Highway, Unit 130, Miami, Florida, 33176, and the subject to this action. Defendant, Old Navy, LLC, is also referred hereto as "Old Navy" or "Lessee".

6. Defendant, Orion Colonial Plaza, LLC, is a Florida limited liability company which is the owner of commercial real property identified as Folio: 33-5022-054-0010, with the post address of 13611 S. Dixie Highway, Palmetto Bay, Florida 33176, which is built out as the Old Navy Colonial Palms Plaza and referred hereto as "Orion Colonial" or "Lessor."

7. Defendant, Old Navy, LLC, is the owner and operator of the Old Navy chain of department stores including the Old Navy store locate in the Colonial Palms Plaza at, 13605 S. Dixie Highway, Unit 130, Miami, Florida, 33176, which is open to the general public and therefore is a place of public accommodation. Defendant, Old Navy, LLC d/b/a Old Navy

Colonial Palms Plaza, which is the subject to this action is also referred hereto as "Old Navy Colonial Palms" or "Subject Property".

8. At all times material hereto, Defendant, Orion Colonial Plaza, LLC, has leased its commercial property to Defendant, Old Navy, who in turn has operated (and continues to operate) its Old Navy Colonial Palms within that leased space.

9. As the owner/operator of a store, which is open to the public, Defendant, Old Navy, and is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a store; 42 U.S.C. §12182, §12181(7)(E) & (F) and 28 C.F.R. §36.104(5) & (6).

10. On October 8, 2023, Plaintiff personally visited the Old Navy, to inquire and/or use of their services, and to test for compliance with the ADA/ADAAG, but because he perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access, and enjoyment of the facilities, services, goods, and amenities, because of the architectural barriers met at the Subject Property

11. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of Old Navy Store (Defendant, Old Navy, LLC), and by the owner of the commercial property Orion Colonial (Defendant, Orion Colonial Plaza, LLC), which houses the Old Navy Store.

12. As the owner and operator of the Old Navy Store, Defendant, Old Navy, LLC, and the need to provide for equal access in all areas of its facility. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its facility is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

13. As the owner of commercial property which built out and utilized as store an establishment that provides goods/services to the general public, Defendant, Orion Colonial Plaza is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

14. As the owner of commercial property which is built as a public accommodation, "Orion Colonial", is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15. As a result of the joint and several discriminations by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

16. Plaintiff continues to desire to patronize and/or test the store operated by "Old Navy" and located at the commercial property owned by "Orion Colonial" but continues to be injured, in that he continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

17. Any and all requisite notice has been provided.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

19. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

20. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

21. Prior to the filing of this lawsuit, Plaintiff personally visited the "Old Navy" store with the intention to use of their services, and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

22. Defendant, Old Navy, and Defendant, Orion Colonial, have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Subject Property in derogation of 42 U.S.C. §12101 *et seq.,* and as prohibited by 42 U.S.C. §12182 *et seq.,* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

**Gonzalez v. Old Navy**
**Complaint for Injunctive Relive**

23. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Old Navy Store located at Orion Colonial Palms.

24. Defendants are jointly and singularly governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

25. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

26. Defendant, Orion Colonial, commercial property, which houses Defendant, Old Navy, is in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.*, and both Defendants, Defendant, Old Navy (operator) and Defendant, Orion Colonial (owner of the commercial property) (jointly and severally), are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

**Parking Lot & Accessible Route (Left side of Main Entrance)**

i. The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: Some of the accessible parking spaces are located on a non-compliant slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a non-compliant slope violating Section

**Gonzalez v. Old Navy**
**Complaint for Injunctive Relive**

      4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

  iii.    The plaintiff had difficulty using the ramp, as the ramp is located on an excessive slope. Violation: Ramp does not provide the required slope as per Section 4.8.2 of the ADAAG and Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

### Men's Restroom

  iv.    The plaintiff had difficulty opening the door without assistance, as it does not have the required door pressure. Violation: Door has a non-compliant opening force. Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

  v.    The plaintiff could not use the lavatory without assistance, as does not provide knee clearance. Violation: Lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

  vi.    The plaintiff had difficulty to use the mirror outside the stall, as it is mounted too high. Violation: The mirror provided in the restroom is in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

  vii.    The plaintiff could not use the coat hook without assistance, as it is not mounted at the required location. Violation: The coat hook is not mounted in accordance with Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

### Men's Restroom – Accessible Stall

  viii.    The plaintiff had difficulty closing the stall door, as it is missing pull handles. Violation: Toilet compartment (stall) door does not provide pull handles on both sides of the door near the latch. Sections 4.27.4 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

  ix.    The plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. Sections 4.17.5 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

  x.    The plaintiff could not enter the accessible stall area without assistance, as the required maneuvering clearance on the pull side of the door is not provided due to stall partition. Violation: The stall door does not provide the required maneuvering

   clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

xi.  The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to an encroaching item (Trash can). Violation: The trash bin is encroaching over the accessible water closet clear floor space. Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xii.  The plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance. Violation: The seat cover dispenser is mounted over the rear wall grab bar at the wrong height not providing the required clearance. Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xiii.  The plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is mounted at a non-compliant distance from the rear wall. Violation: Water closet side wall grab bar is mounted at a non-compliant distance from the rear wall to the centerline of its outer flange. Sections 4.16.4 of the ADAAG and Sections 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xiv.  The plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is mounted at a non-compliant distance from the side wall. Violation: Water closet rear wall grab bar is mounted at a non-compliant distance from centerline of the water closet to the centerline of its inner flange. Sections 4.16.4 of the ADAAG and Sections 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xv.  The plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance. Violation: The toilet flush valve is mounted under the rear wall grab bar not providing the required clearance. Section 4.26.2 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable

xvi.  The plaintiff could not use the lavatory without assistance, as does not provide knee clearance. Violation: Lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xvii.  The plaintiff had difficulty to use the mirror inside the stall, as it is mounted too high. Violation: The mirror provided in the restroom is in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    xviii.    The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drain pipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

    xix.    The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due the lavatory is encroaching. Violation: Lavatory is mounted at 56.25" from the water closet side wall not providing the required clear floor space. Section 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

27.    Plaintiff believes that an inspection of the subject premises will reveal other violations of the ADA and ADAAA as to Defendant, Old Navy, (lessee) and Defendant, Orion Colonial, (owner/lessor) (jointly and severally). Pursuant to 42 U.S.C. §12101 *et seq.*, and 28 C.F.R. §36.304, the Defendants are required to make the Old Navy commercial space, located at 13605 S. Dixie Highway, Unit 130, Miami, Florida, 33176, accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

28.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the Old Navy store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendant, Old Navy, LLC, d/b/a Old Navy Colonial Palms Plaza, and Defendant, Orion Colonial Plaza, LLC. Defendant, Orion Colonial Plaza, LLC (owner of the commercial property) and Defendant, Old Navy, LLC, (lessee of the commercial property and operator of the Old Navy store located therein) and requests the following injunctive and declaratory relief: The Court declare that Defendants have violated the ADA;

Gonzalez v. Old Navy
Complaint for Injunctive Relive

a) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

b) The Court enter an Order requiring Defendants to alter the commercial property and the establishment located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted on December 22, 2023.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*